UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AVAYA LLC, a Delaware Limited Liability Company,<br>　　　　　　Plaintiff,<br>　　v.<br>CAMERON WEEKS, an individual; BRACKEN FIELDS, an individual; and BACK VENTURES, LLC, an Indiana Limited Liability Company,<br>　　　　　　Defendants. | Case No. 2:24-cv-05039-FMO-BFM<br>**PROTECTIVE ORDER** |
| CAMERON WEEKS, an individual; BRACKEN FIELDS, an individual; and BACK VENTURES, LLC, an Indiana Limited Liability Company,<br>　　　　　　Counterclaimants,<br>　　v.<br>AVAYA LLC, a Delaware Limited Liability Company,<br>　　　　　　Counterclaim-Defendant. | Honorable Brianna Fuller Mircheff, Magistrate Judge<br><br>Complaint Filed:　　June 14, 2024<br>Counter Claims Filed: July 8, 2024<br>Trial Date:　　　　　Not Set |

# PROTECTIVE ORDER

## 1. GENERAL

    1.1    <u>Purposes and Limitations</u>.  Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties to this Action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited material that is entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

    1.2    <u>Good Cause Statement</u>.  This Action will involve sensitive confidential information, including trade secrets, other confidential business and financial information, and privileged communications between attorneys and clients.  Plaintiff and Counterclaim Defendant Avaya LLC ("Avaya") alleges misappropriation of trade secrets among other claims.  The named, individual Defendants and Counterclaimants Weeks and Fields were employees of Edify Labs, Inc., the predecessor in interest to Avaya; Avaya alleges that Defendants misappropriated Edify's, and now Avaya's, trade secrets and confidential information.  Defendants contend that have told Avaya on several occasions that they did not use any of its trade secret or confidential information to build their new platform.  Defendants contend that they created App 1 using their own knowledge, experience and expertise, and that App 1's source code is confidential, proprietary and includes trade secrets owned by Defendants.

    Accordingly, a protective order for such information is justified in this matter

1  to expedite the flow of information, to facilitate the prompt resolution of disputes over
2  confidentiality of Discovery Materials, to adequately protect information the parties
3  are entitled to keep confidential, to ensure that the parties are permitted reasonable
4  necessary uses of such material in preparation for and in the conduct of trial, to address
5  their handling at the end of the litigation, and to serve the ends of justice. It is the
6  intent of the parties that information will not be designated as confidential for tactical
7  reasons and that nothing be so designated without a good faith belief that it has been
8  maintained in a confidential, non-public manner, and there is good cause why it
9  should not be part of the public record of this case.

10  Courts routinely find that commercially sensitive information like the trade
11 secrets at issue here should be sealed from the public record.  Moreover, in addition
12 to being sensitive, much of the information in this Action may constitute potentially
13 privileged information.

14 **2.    DEFINITIONS**

15  2.1  Action:  this pending federal lawsuit, Case No. 2:24-CV-5039-FMO-
16 BFM.

17  2.2  Challenging Party:  a Party or Non-Party that challenges the designation
18 of material under this Order.

19  2.3  "CONFIDENTIAL" Material:  information (regardless of how it is
20 generated, stored, or maintained) or tangible things that qualify for protection under
21 Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause
22 Statement.

23  2.4  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
24 Material: extremely sensitive "CONFIDENTIAL Material," disclosure of which to
25 another Party or Non-Party would create a substantial risk of serious harm that could
26 not be avoided by less restrictive means.

27  2.5  "HIGHLY CONFIDENTIAL – SOURCE CODE" Material: "HIGHLY
28 CONFIDENTIAL Material" that includes "Source Code Material" representing

1  computer code and associated comments and revision histories, formulas, engineering
2  specifications, or schematics that define or otherwise describe in detail the algorithms
3  or structure of software or hardware designs, disclosure of which to another Party or
4  Non-Party would create a substantial risk of serious harm that could not be avoided
5  by less restrictive means.

6      2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their
7  support staff).

8      2.5    <u>Designating Party</u>: a Party or Non-Party that designates material that it
9  produces in disclosures or in responses to discovery as "CONFIDENTIAL,"
10 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY
11 CONFIDENTIAL – SOURCE CODE."

12     2.6    <u>Disclosure or Discovery Material</u>: all material, regardless of the medium
13 or manner in which it is generated, stored, or maintained (including, among other
14 things, testimony, transcripts, and tangible things), that are produced or generated in
15 disclosures or responses to discovery in this matter.

16     <u>2.7</u>    <u>Expert</u>: a person with specialized knowledge or experience in a matter
17 pertinent to the litigation who has been retained by a Party or its Counsel to serve as
18 an expert witness or as a consultant in this Action, who is not a past or current
19 employee of a Party, and who, at the time of retention, is not reasonably anticipated
20 to become an employee of a Party.

21     2.8    <u>House Counsel</u>: attorneys who are employees of a Party to this Action
22 and acting as counsel to the Party. House Counsel does not include Outside Counsel
23 of Record or any other outside counsel.

24     2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or
25 other legal entity not named as a Party to this Action.

26     2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party
27 to this Action but are retained to represent or advise a Party to this Action and have
28 appeared in this Action on behalf of that Party or are affiliated with a law firm that

has appeared on behalf of that Party, including support staff.

2.11  Party:  any Party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.12  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.15  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.  DURATION**

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific

factual findings to proceed otherwise are made to the trial judge in advance of the trial.  See Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial and the parties will appropriately work with the Court on any measures required to protect confidential information at the trial.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that material that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (each of the three legends a "Confidentiality Legend"), to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.[1] During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality Legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, the Designating Party must either designate on the record during the deposition the testimony that is confidential under this Protective Order or identify the Disclosure or Discovery Material within 15 days

---

[1] Notwithstanding the foregoing, the Party or Non-Party that makes original documents available for inspection may designate the documents in advance of the inspection.

of receipt of the final transcript for the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Confidentiality Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

<u>6.2</u>     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1.  Any discovery motion must strictly comply with the procedures set forth in the Local Rules and the Rules of the District Judge and the Magistrate Judge.

6.3     <u>Burden</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses or burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

///

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

<u>7.2</u> <u>Disclosure of "CONFIDENTIAL" Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  up to and including three (3) designated representatives of each of the Parties who are officers or employees of a Party (including House Counsel), to the extent reasonably necessary for the litigation of this Action, except that either Party may in good faith request the other Party's consent to designate one or more additional such representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent;

(c)  Experts (as defined in this Order) or outside consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); retained for the purpose of this litigation, provided that: (1) such consultants or

Experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or Expert has completed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A hereto; (3) the Party retaining the consultant or Expert serves the "Acknowledgment and Agreement to Be Bound" upon the other Party, along with:

> (i) a current curriculum vitae of the consultant or Expert, including a list identifying the consultant's or Expert's current employer and his or her former employers in the previous ten (10) years and a list of all his or her publications from the previous ten (10) years;
>
> (ii) a list identifying by case name, case number, and court/agency of any litigation in which the consultant or Expert offered Expert testimony (at deposition, hearing, or trial) in the previous four (4) years;
>
> (iii) a list identifying each person or entity for which the consultant or Expert has consulted during the previous ten (10) years, including the nature and time period of such consultancy, provided that the proposed Expert or consultant is not otherwise prohibited due to confidentiality obligations to a Non-Party from disclosing such information. Where a proposed Expert or consultant cannot disclose information due to a confidentiality obligation to a third party, the Expert or consultant shall in good faith disclose such information as the Expert or consultant is permitted to provide regarding the nature of the consultancy (such as, e.g., the industry or technology involved in that consultancy, whether the employment or consultancy was for a competitor of a Party, etc.) to enable, to the extent possible, the Producing Party to determine whether or not to object to the Expert or consultant;

and (4) at least five (5) business days have elapsed after service of the Undertaking without the other Party's having served an objection to the disclosure of Protected Material to the consultant or Expert upon the Party retaining such consultant or Expert. The Parties agree to promptly confer and use good faith to resolve any such objection as required by Local Rule 37-1. If the Parties conclude they have reached an impasse, the objecting party shall be considered the moving party and must follow the discovery dispute resolution procedures of the Magistrate Judge.  The objecting Party shall have the burden of proving that the Expert or consultant should not receive any Protected Material.  No disclosure shall occur until all such objections are

resolved by agreement or Court order;

    (d)  the Court and its personnel;

    (e)  court reporters and their staff;

    (f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Material.</u>  For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to:

    (a) individuals listed in paragraphs 7.2(a) and 7.2(c-i) and persons whom counsel for the Designating Party otherwise agree in writing may have access only on a document-by-document basis;

    (b) Up to two House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this Litigation, and (2) who has signed the

"Acknowledge and Agreement to be Bound (Exhibit A).

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Material</u>

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals identified under Paragraph 7.2(a) and 7.2(c), subject to the additional restrictions in Paragraph 7.3(a).

(c) For Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," the following additional restrictions apply, unless the Producing Party and the Receiving Party agree otherwise:

1. Access to a Party's Source Code Material shall be provided on a computer that may be connected to a printer, solely for the limited purposes permitted below. No recording or reproduction of Source Code Material shall be permitted except as stated herein;

2. The Producing Party will produce Source Code Material in computer searchable format. The Receiving Party may print limited portions of the Source Code Material only when necessary to prepare court filings or pleadings or other papers (including a testifying Expert's expert report). Upon printing any such portions of Source Code Material, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed by the Receiving Party;

3. Experts may, to the extent necessary for their work, make electronic copies of excerpts of Source Code Material ("Source Code Document") for purposes of sharing Source Code Documents with the Receiving Party's Outside Counsel of Record. A Receiving Party may

include Source Code Documents in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Document is appropriately marked under this Order, restricted to those who are entitled to have access to it as specified herein, and, if filed with the Court, filed and/or lodged under seal in accordance with the Court's rules, procedures, and orders.

4. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

5. No electronic copies of Source Code Material shall be made by the Receiving Party's Outside Counsel of Record without prior written consent of the Producing Party, except as necessary to create reports, court filings, or documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

6. The Receiving Party's Outside Counsel of Record shall be permitted to make no more than three (3) additional paper copies of any excerpts of Source Code Material, not including copies attached to court filings or used at depositions, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE";

7. Should printouts or photocopies be converted to electronic form or otherwise transferred to electronic media as described in Paragraphs 7.4(c)(3) and 7.4(c)(5), such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such, and shall be maintained a secure electronic folder accessible only by those individuals authorized under Paragraph 7.4(b);

8. If the Receiving Party's Outside Counsel of Record, consultants, or Experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such Outside Counsel of Record, consultants, or Experts keep the printouts or photocopies in a secured area; and

9. Notwithstanding the provisions of Paragraphs 7.4(c)(3), 7.4(c)(5), and 7.4(c)(7), a Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 7.4(b) above to another person authorized

under paragraph 7.4(b) above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

(d) The Producing Party will produce its Source Code Material in a manner that allows the Receiving Party to reasonably inspect the Source Code Material.  The Producing Party may (but is not required) to transmit the Source Code Material to the Expert electronically via a secure download link.  The Receiving Party's Outside Counsel of Record and retained Experts or consultants otherwise allowed to view Source Code Material shall be entitled to take handwritten notes relating to the Source Code Material but may not take such notes electronically.  No provision herein gives the Producing Party the right to inspect or review any notes and/or other work product of the Receiving Party.  However, if the Producing Party has good cause to believe that the provisions of this Protective Order have been violated, then the Producing Party may request that the Court conduct an in-camera review of said notes.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any material designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued

by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably

specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Party must immediately destroy the inadvertently produced material. Within one (1) business day of providing notice, the Producing Party must provide a privilege log to the Receiving Party with information sufficient to allow the Receiving Party to assess the claim of privilege or other protection. If the Receiving Party

objects to the Producing Party's claim of privilege or other protection, the Parties agree to promptly confer and use good faith to resolve any such objection as required by Local Rule 37-1. If the Parties conclude they have reached an impasse, the objecting party shall be considered the moving party and must follow the discovery dispute resolution procedures of the Magistrate Judge. Notwithstanding the foregoing, nothing in this Paragraph shall alter the burden of proof with respect to claims of privilege or protection.

**12.  MISCELLANEOUS**

12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.  FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14.   VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings, and/or monetary sanctions.

**IT IS SO ORDERED**.

DATED: __August 5__, 2024

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| AVAYA LLC, a Delaware Limited Liability Company,<br>　　　　　　Plaintiff,<br>　　v.<br>CAMERON WEEKS, an individual; BRACKEN FIELDS, an individual; and BACK VENTURES, LLC, an Indiana Limited Liability Company,<br>　　　　　　Defendants.<br>CAMERON WEEKS, an individual; BRACKEN FIELDS, an individual; and BACK VENTURES, LLC, an Indiana Limited Liability Company,<br>　　　　　　Counterclaimants,<br>　　v.<br>AVAYA LLC, a Delaware Limited Liability Company,<br>　　　　　　Counterclaim-Defendant. | Case No. 2:24-cv-05039-FMO-BFM<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

I, _____, declare that:

　1. My address is _____.

　　My current employer is _____.

　　My current occupation is _____.

　2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

　<u>3</u>. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any information designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Date

_____
Signature